JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| RUSTY REX REAN, | ) | Civil No. 3:16-cv-05416-RBL |
|  | ) | Crim. No. CR06-5543-RBL |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | MOTION UNDER 28 U.S.C. § 2255 |
|  | ) | TO VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | ) | CORRECT A SENTENCE BY A |
|  | ) | PERSON IN FEDERAL CUSTODY |
| Respondent. | ) |  |
|  | ) |  |

Prisoner No: 36303-086

Place of Confinement: USP Lee
    P.O. Box 305
    Jonesville, VA 24263

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

1.  (a) Name and location of court that entered judgment: United States District Court, Western District of Washington, Tacoma

    (b) Docket number: CR06-5543-RBL

2.  (a) Date of judgment: June 29, 2007

    (b) Date of sentencing: June 29, 2007

3.  Length of sentence: 180 months' imprisonment, 36 months' supervised release

4.  Nature of crime: bank robbery in violation of 18 U.S.C. § 2113(a)

5.  Plea entered: not guilty

6.  Jury trial

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

7. Testified: no

8. Appeal: no

9. Motion to restore due process rights (to appeal conviction) filed pursuant to 28 U.S.C. § 1651 on April 27, 2015 in U.S. District Court for the Western District of Washington (Dkt. 109); denied June 11, 2015 (Dkt. 110)

## INTRODUCTION

Petitioner Rusty Rean respectfully moves this Court to vacate and correct his sentence under 28 U.S.C. § 2255.

On June 29, 2007, the late Honorable Frank Burgess sentenced Mr. Rean to a term of 180 months' imprisonment after finding he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. The Court adopted the finding of the presentence report that Mr. Rean's instant offense—armed bank robbery—was a "crime of violence," and that he had at least two qualifying prior convictions that supported the career offender enhancement: a 2000 Oregon drug trafficking offense and a 1997 Oregon third-degree robbery. Mr. Rean committed the robbery when he was 17 years old, and it involved the theft of a backpack from another teenage boy.

Under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), Mr. Rean is no longer a career offender because both his instant offense, unarmed bank robbery, and his prior conviction for Oregon third-degree robbery no longer qualify as "crime[s] of violence." In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness, and the government has conceded as much. The only remaining question here is whether Mr. Rean's instant offense and prior conviction qualify as "crime[s] of

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
**(206) 553-1100**

1  violence" under the "enumerated offenses" clause or "elements" clause of the career
2  offender provision.
3       As discussed below, both federal unarmed bank robbery and Oregon third-
4  degree robbery would qualify as crimes of violence only under the career offender
5  Guideline's residual clause. They do not qualify under the enumerated offenses clause
6  because they are not generic burglary of a dwelling, arson, extortion, or use of
7  explosives offenses. Likewise, they do not qualify as crimes of violence under the
8  elements clause because they do not (1) have as an element the use, attempted use, or
9  threat of violent physical force, nor do they require for conviction (2) the intentional
10 use, attempted use, or threatened use of violent physical force. Mr. Rean thus does not
11 qualify as a career offender, and his current sentence violates due process of law in
12 violation of 28 U.S.C. § 2255(a).
13      Mr. Rean's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it
14 within one year of the Supreme Court's decision in *Johnson*—a ruling which
15 established a "newly recognized" right that is "retroactively applicable to cases on
16 collateral review." *Welch v. United States*, 136 S. Ct. 1257 (2016). Mr. Rean
17 respectfully requests that this Court grant his § 2255 motion, vacate his current
18 sentence, and re-sentence him.

## STATEMENT OF FACTS

### A.    2007 Conviction and Sentencing

21      On January 24, 2007, a jury found Mr. Rean guilty of one count of unarmed
22 bank robbery, in violation of 18 U.S.C. § 2113. The parties agreed with Probation that
23 Mr. Rean's unarmed bank robbery conviction was a crime of violence, triggering the
24 application of the career offender Guidelines. Specifically, the parties agreed that his
25 2000 Oregon drug trafficking conviction qualified as a "controlled substance offense"
26 and that his 1997 third-degree Oregon robbery in violation of Or. Rev. Stat.

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

§ 164.395—a crime committed when he was 17 years old—qualified as a "crime of violence" under U.S.S.G. § 4B1.1(a). PSR at ¶ 25; Defendant's Sentencing Memorandum, Dkt. 99 at 11; Government's Sentencing Memorandum, Dkt. 98 at 2.

After reviewing certified copies of the prior convictions and adopting the findings of the PSR, the Court found that his instant offense qualified as a "crime of violence" and that Mr. Rean was a career offender. Application of the career offender enhancement subjected Mr. Rean to a Sentencing Guidelines range of 210 to 262 months (corresponding to offense level 32 and criminal history VI). Because the statutory maximum for the instant unarmed bank robbery offense was 240 months, his Guideline range capped out at 240 months, resulting in a Guidelines range of 210 to 240 months. Without the career offender finding, Mr. Rean's adjusted base offense level would have been 24, yielding an advisory Guideline range of 100 to 125 months.

The government asked the court to sentence Mr. Rean to the high end of the career offender Guideline "because [Rean] is a career offender, and deservedly so[.]" Sentencing Transcript, Dkt. 111 at 5–6. Defense counsel, referencing Mr. Rean's extremely difficult childhood and mental illness, asked that the court sentence him to 120 months, noting that without his career offender status, his Guideline range would have been 100 to 125 months. *Id.* at 11. Judge Burgess remarked that the Oregon robbery occurred when Mr. Rean was a teenager and that it "involved a backpack and some kids, young folks, in a setting that he took this backpack." *Id.* at 2, 15. But because he agreed the robbery technically qualified as a "crime of violence," Judge Burgess began his sentencing determination with the low end of the career offender Guidelines, stating: "I don't think this matter should start anywhere other than the low end of the guidelines, and that is at 210 months." *Id.* at 18. After applying the § 3553(a) factors, Judge Burgess sentenced Mr. Rean to 180 months' imprisonment, stating he

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

had never seen anyone of Mr. Rean's relatively young age with so many mental health and psychological evaluations. *Id.* Mr. Rean filed no appeal.

### B. Motion to Restore Right to Appeal Conviction

On April 27, 2015, Mr. Rean filed a pro se motion entitled "Motion to Restore Due Process Rights (To Appeal Conviction) That Were Lost as Result of Ineffective Assistance of Counsel (All Writs Motion Pursuant to 28 U.S.C. § 1651)." Dkt. 109. This Court denied the motion on June 11, 2015, stating that because any appeal was time-barred, it did not need to address his claim that he was improperly sentenced as a career offender. Dkt. 110. The motion was not treated as an initial § 2255 motion. *See Castro v. United States*, 540 U.S. 375 (2003) (holding a district court may not recharacterize a motion as a § 2255 motion without issuing a warning and allowing the petitioner to withdraw the motion or refile a more comprehensive motion).

### C. The Present Claim under *Johnson v. United States*

On June 26, 2015, the Supreme Court decided *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and held it void for vagueness under the Due Process Clause. Section 4B1.2(a) contains the same residual clause. Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness. Mr. Rean's instant unarmed bank robbery offense and prior robbery III conviction no longer qualify as "crime[s] of violence," and Mr. Rean is not a career offender.

## ARGUMENT REGARDING CLAIM

### I. UNDER *JOHNSON*, MR. REAN DOES NOT QUALIFY AS A CAREER OFFENDER.

A defendant is subject to the career offender Guideline if his instant federal offense of conviction is a "crime of violence" or a "controlled substance offense" and he has at least two such prior convictions. U.S.S.G. § 4B1.1. An offense qualifies as a

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

"crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

In *Johnson*, the Supreme Court declared the ACCA's residual clause, which is identical to the residual clause italicized above, was unconstitutionally void for vagueness in all its applications. It follows from *Johnson* that the identical residual clause in the Guideline is also void for vagueness. An offense can now only qualify as a "crime of violence" if it is one of the enumerated offenses or satisfies the elements clause. Because neither Mr. Rean's instant offense of conviction nor his prior Oregon third-degree robbery conviction qualify under either of the remaining clauses, he is no longer a career offender.

### A. *Johnson* Renders the Career Offender Residual Clause Void for Vagueness.

Mr. Rean's convictions for federal unarmed bank robbery and Oregon third-degree robbery cannot qualify under § 4B1.2(a)(2)'s residual clause because that clause is void for vagueness. In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*. The Court held the residual clause "vague in all its applications," *id*. at 2561, and

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. In *Johnson*, the Supreme Court held that the identically worded residual clause of the ACCA was void for vagueness, observing that "the experience of the federal courts leaves no doubt about the unavoidable uncertainty and arbitrariness of adjudication under the residual clause," 135 S. Ct. at 2562, and referenced cases interpreting both the ACCA residual clause and the Guidelines' residual clause, *id*. at 2557, 2560 (collecting cases). The Ninth Circuit has interpreted the clauses identically. *See*, *e.g.*, *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("[B]ecause the language of both the ACCA and the [career offender] Guideline adopt the same 'serous risk of injury' test . . . . the definitions should be interpreted similarly.").

The Government has also conceded that *Johnson*'s holding regarding ACCA applies to the identically worded residual clause in the Guidelines, and the Ninth Circuit has remanded for resentencing because of this concession.[1] *See*, *e.g.,* Order, *United States v. Benavides*, No. 14-10512 (9th Cir. Sept. 23, 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015). Further, the Ninth Circuit has treated the Supreme Court's rejection of suggestions that the ACCA's residual clause was unconstitutionally vague in *James* and *Sykes* as binding authority foreclosing any vagueness challenges to the Guidelines' residual clause. *See United States v. Spencer*, 724 F.3d 1133, 1137-78 (9th Cir. 2013) (claim that § 4B1.2(a)'s residual clause

---

[1] The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines. *See United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Pawlak*, __ F.3d __ (6th Cir. May 13, 2016); *United States v. Townsend*, __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

unconstitutionally vague "foreclosed by Supreme Court precedent [in *James* and *Sykes*]").

Mr. Rean no longer qualifies as a career offender under the now-void residual clause.

### B. Mr. Rean's Oregon Conviction for Third-Degree Robbery Does Not Qualify as a "Crime of Violence" under the Elements Clause.

#### 1. The categorical approach applies in determining whether a conviction qualifies as a "crime of violence."

In deciding whether an offense qualifies as a "crime of violence" under the elements clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Caceres-Olla*, 738 F.3d 1051, 1054 (9thCir. 2013). This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citations omitted); *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015). Further, under the categorical approach, an offense only qualifies as a crime of violence if all of the criminal conduct covered by a statute—including the most innocent conduct— matches or is narrower than the "crime of violence" definition. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

Post-*Descamps*, for an offense to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G. § 4B1.2(a)(1). "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*). In addition, a statute must require the *intentional* use, attempted use, or threatened use of physical force. *United States v. Esparza-Herrera*, 557 F.3d 1019,

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 8

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1022 n.3 (9th Cir. 2009). The scope of the state offense depends on state law. *Johnson I*, 559 U.S. at 138; *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) ("[I]n determining the categorical reach of a state crime, we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions."). Because the elements of Oregon third-degree robbery do not require the use of "physical force" as that phrase has been defined in *Johnson I*, Mr. Rean's conviction for Oregon robbery categorically fails to qualify as a career offender predicate under the elements clause.

Mr. Rean was convicted in 1997 of robbery in the third degree under Or. Rev. Stat. § 164.395, which provides:

> (1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft . . . the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

Or. Rev. Stat. § 164.395(1).

That ORS 16.395 includes the use or threatened use of physical force as an element does not automatically elevate a conviction for third-degree robbery to the level of a "crime of violence" under the career offender Guideline. Instead, the offense qualifies only if the state courts have construed that element identically to, or more narrowly than, its specialized meaning. *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013). If the state construes the element more broadly than the career offender Guideline's definition of "physical force," then the state offense is not a categorical match. *Id*. In Oregon, defendants have been convicted of third-degree

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 9

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

robbery for using force so slight it escaped a victim's notice, *State v. Johnson*, 215 Or. App. 1 (2007), for snatching a purse resulting in tug-of-war but no actual touching, *State v. Williams*, 58 Or. App. 398 (1982), and for pulling away from a security guard after having shoplifted two packages of Twinkies and a carton of milk, *Pereida-Alba v. Coursey*, 356 Or. 654, 657, 667 (2015).

The Ninth Circuit has provided several examples of statutes that require an insufficient degree of physical force to qualify as categorical violent felonies.[2] In *United States v. Parnell*, the Ninth Circuit ruled that Massachusetts armed robbery committed "by force and violence" is not a violent felony under the ACCA because the statute only required enough force to obtain the victim's property against his will. Citing Massachusetts cases remarkably similar to those in Oregon, the Court held that the "force and violence" element did not match "physical force" under the ACCA because it included "minimal, nonviolent force," such as "grabb[ing] the victim's pocketbook from her arm" or "pulling . . . a purse from a victim's hand." *Parnell*, __ F.3d __, 2016 WL 163367, *2 (9th Cir. Apr. 12, 2016); *accord United States v. Werle*, 815 F.3d 614, 620-21 (9th Cir. 2016) (holding that "us[ing] or threaten[ing] to use force" while "armed with a deadly weapon" under Washington's felony riot statute is

---

[2] Whether Oregon third-degree robbery qualifies as a violent felony under the ACCA's identical elements clause is currently awaiting decision in the Ninth Circuit. It has been fully briefed and argued. *United States v. Eddie Ray Strickland*, Case No. 14-30168 (filed March 30, 2015). In *Strickland*, the government argued at sentencing that Oregon's third-degree robbery statute qualified as an ACCA predicate both under the residual clause and the force clause. *See* Govt's Answering Brief, Case No. 14-30168, Dkt. 21-1. The district court concluded that the conviction qualified as an ACCA predicate under the residual clause but rejected the government's argument that it also qualified under the force clause. *Id*. After the district court imposed its sentence, the Supreme Court invalidated the residual clause in *Johnson*. 135 S. Ct. at 2557. The government conceded the residual clause had no remaining application in the case and that Mr. Strickland's sentence was unlawful unless his conviction for robbery in the third degree constituted a predicate felony under the force clause, contrary to the district court's ruling.

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 10

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

not a violent felony).

Oregon third-degree robbery's force element is indistinguishable from the force elements considered and found to be insufficient in *Parnell* and *Werle*. Further, Oregon's third-degree robbery statute has no element requiring the use of a weapon or a firearm. At least two Oregon district court judges have concluded that third-degree robbery under Oregon law is not a violent felony. In *United States v. Dunlap*, __ F.3d __, 2016 WL 591757 (D. Or. Feb. 12, 2016), the court held that the level of force required to sustain a conviction under the Oregon robbery statute "does not rise to the level of 'violent force' required by *Johnson I*." *Id*. at *4. Citing to *State v. Johnson*, *supra*, the court explained that under Oregon law, a conviction requires only minimal force and "[i]ndeed, the level of force required is so small that the victim testified [in *State v. Johnson*] that she only became aware of the robbery when she saw the defendant fleeing with her property." *Id*. at *5. *See also Sloan v. Ives*, No. 3:15-cv-00342-MO (D. Or. Apr. 8, 2016) (same).

Mr. Rean's Oregon robbery conviction also does not fall under the enumerated clause because it is not "burglary of a dwelling, arson, or extortion," and it does not "involve [ ] the use of explosives." U.S.S.G. § 4B1.2(a)(2). As a result, Mr. Rean does not have two predicate convictions under § 4B1.1(a) and his sentence violates due process of law under *Johnson*.

### C. After *Johnson*, Unarmed Bank Robbery Is Also Not a Crime of Violence.

Mr. Rean's offense of conviction—federal unarmed bank robbery—used to trigger the career offender enhancement also is not a crime of violence. Like Oregon robbery, unarmed bank robbery would qualify as a crime of violence only under the residual clause. It is not an enumerated offense nor does unarmed bank robbery have as

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 11

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 4B1.2(a)(1).

As charged here, 18 U.S.C. § 2113(a) punishes an individual who "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;" § 2113(a); Dkt. 11. But to have "as an element the use, attempted use, or threatened use of physical force," a statute must require the intentional use, attempted use, or threatened use of physical force. *United States v. Esparza-Herrera*, 557 F.3d 1019, 1022 n. 3 (9th Cir. 2009)). In other words, the use of violent force must be intentional, not just reckless or negligent. *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (holding that California robbery statute not categorically a violent felony under the ACCA, in part, because the use of force need not be intentional). And, the "'physical force' used must be 'violent force,' or 'force capable of causing physical pain or injury to another person.'" *Dixon*, 805 F.3d at 1197 (citing *Johnson I*, 559 U.S. at 140).

Section 2113(a) fails to establish a crime of violence in another way. Bank robbery in violation of § 2113(a) is a general intent crime. *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993). It may be committed by "intimidation," which does not require that the defendant use force, violence, actually cause fear to the victim, or even intend his actions to cause fear to the victim. *Id*. ("The determination of whether there has been an intimidation should be guided by an objective test focusing on the accused's actions.")

The Ninth Circuit has interpreted the "intimidation" element broadly. In *United States v. Hopkins*, 703 F.2d 1102 (9th Cir. 1983), the Court concluded that "implicit" "threats" consisting of nothing more than a note stating, "Give me all your hundreds,

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 12

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

fifties and twenties. This is a robbery," and, when the teller replied that she had no hundreds or fifties, the verbal statement "Okay, then give me what you've got," constituted sufficient evidence of intimidation. *Id.* at 1103. The court agreed with the defendant that "the evidence showed that Hopkins spoke calmly, made no threats, and was clearly unarmed," but held that "'express threats of bodily harm, threatening bodily motions, or the physical possibility of concealed weapons' was *not required* for a conviction of bank robbery by intimidation." *Id.* (quoting *United States v. Bingham*, 628 F.2d 548, 549 (9th Cir. 1980) (emphasis added)). This broad interpretation of intimidation, which has never been overruled, falls far short of the elements clause requirement of "violent force" under *Johnson* I, 559 U.S. at 136. *See also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively, . . . and a defendant can be convicted [of federal bank robbery] even if he did not intend for an act to be intimidating."); *United States v. Yockel*, 320 F.3d 818, 821 (8th Cir. 2003) ("whether or not Yokel intended to intimidate the teller is irrelevant in determining his guilt"); *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) ("nothing in the statute even remotely suggests that the defendant must have intended to intimidate").

Because § 2113(a) lacks the requirement of violent force and the requirement of intentionality, that offense was improperly used to trigger the career offender enhancement.

## II.   MR. REAN IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE (1) HIS CLAIM IS COGNIZABLE, AND (2) HIS PETITION IS TIMELY.

### A.   Mr. Rean's Claim Is Cognizable.

Under 28 U.S.C. § 2255(a), a defendant is entitled to a resentencing when his original sentence was imposed "in violation of the Constitution or laws of the United States." Mr. Rean's 180-month sentence was imposed in violation of the Constitution

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 13

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1 because it was predicated on the "unconstitutionally vague" residual clause and
2 "imposing an increased sentence under the residual clause . . . violates the
3 Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. *Johnson*'s
4 constitutional holding regarding ACCA's residual clause applies to the identically
5 worded residual clause in U.S.S.G. § 4B1.2(a).

6 That is all that is required. Because Mr. Rean's sentence was imposed "in
7 violation of the Constitution," § 2255(a), the "fundamental defect" standard applicable
8 to ordinary claims of statutory error does not apply. Only a non-jurisdictional, non-
9 constitutional error of law must constitute "a fundamental defect which inherently
10 results in a complete miscarriage of justice" to be cognizable. *Hill v. United States*, 368
11 U.S. 424, 429 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979);
12 *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *Narvaez v. United States*, 674
13 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the
14 Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not
15 a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which
16 inherently results in a complete miscarriage of justice.'") (citations omitted).

17 A claim based on *Johnson* is constitutional and therefore cognizable in a
18 Guidelines case. *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014)
19 (although an erroneous determination of an advisory guideline range "generally [is] not
20 cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . .
21 magnitude"); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015)
22 (granting certificate of appealability because although a claim that a defendant was
23 misclassified as a career offender "is generally not cognizable" under circuit law
24 applicable to errors of statutory interpretation, "*Johnson* involved a claim of
25 constitutional error").

26

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 14

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Mr. Rean's *Johnson* claim is cognizable.

**B.     *Johnson* Applies Retroactively on Collateral Review.**

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that the new rule announced in *Johnson* is substantive and retroactive to cases on collateral review.

First, "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264 (citing *Teague*, 489 U.S. at 301) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015) (same).

Second, the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id*. at 1265, which "depends [ ] on whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at 1266 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 15

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Career Criminal Act, altering 'the range of conduct or the class of person that the [Act] punishes.'" *Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353). The Court concluded that "[t]he residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence." *Id.* The Court explained that "*Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause. It follows that *Johnson* is a substantive decision." *Id.* (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute . . . ." *Id*.

Notably, the Court said nothing to limit its holding or reasoning to ACCA cases. Moreover, the Ninth Circuit has already held that ACCA-narrowing rules are substantive when applied to the Guidelines. In *Reina-Rodriguez v. United States*, the Ninth Circuit held that a substantive rule announced in an ACCA case, *United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007) (en banc), was retroactive to a Guidelines case. 655 F.3d at 1189. The government argued that *Grisel*, which held that Oregon second-degree burglary was not categorically a violent felony under the ACCA, was a procedural rule for a defendant whose claim was that *Grisel* invalidated his Guideline sentence. *Id*. *Grisel* announced a procedural rule, the government asserted, because it "'[o]nly altered the permissible methods for determining' whether a sentencing enhancement under the Guidelines can be imposed on account of a state burglary conviction." *Id*.

The Ninth rejected the argument, stating: "One could hardly have a clearer example of a 'decision[ ] that narrow[s] the scope of a criminal statute by interpreting its terms'" than *Grisel*'s decision that a generic burglary is only a burglary of an unmovable structure. *Reina-Rodriguez*, 655 F.3d at 1189 (quoting *Schriro*, 542 U.S. at

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 16

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

351). The Court explained that "*Grisel* did not alter the procedural dimensions of *Taylor*'s categorical approach. Rather, it altered the conduct that substantively qualifies as burglary under the categorical approach." *Id*. And, because *Grisel* narrowed the scope of a criminal statute (the ACCA), the Ninth Circuit ruled it was a substantive rule that applied retroactively in Reina-Rodriguez's Guidelines cases. *Id. See also United States v. Dean*, __ F.3d __, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016) ("Following the Ninth Circuit's decision in *Reina-Rodriguez,* the Court finds that *Johnson* is a new, substantive rule and thus the *Teague* bar does not apply."); *see also id.* (rejecting the government's attempt to distinguish *Grisel* and stating, "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines. *Johnson* does not 'regulate only the manner of determining the defendant's culpability' like a procedural rule would"); *United States v. Ramirez*, No. 10-10008-WGY (D. Mass. May 24, 2016) (holding invalidation of the Guidelines' residual clause pursuant to *Johnson* constitutes a substantive rule that must apply retroactively).

Most courts of appeals have followed the same approach. Most recently, the Fifth Circuit has authorized second or successive § 2255 motions in career offender cases because "*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review." *In re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (citing *Welch*, 136 S. Ct. at 1268); *see also In re Rodriguez*, No. 16-10393 (5th Cir. May 17, 2016).[3]

---

[3] The Sixth Circuit held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), then authorized second or successive § 2255 motions in career offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law." *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3–4 (6th Cir. Feb. 22, 2016); *United States v. Ruvalcaba*, No. 15-3913 (6th Cir. March 24, 2016); *In re Homrich*, No. 15-1999, slip op. at 2–3 (6th Cir. March 28, 2016). The Seventh Circuit held in an ACCA

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 17

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  *Johnson* applies retroactively to ACCA and Guidelines cases alike.

**III.  THIS MOTION IS TIMELY UNDER 28 U.S.C. § 2255(f)(3).**

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Rean filed his claim within one year of that date. The Supreme Court recognized a new right in *Johnson* and announced a rule that is therefore retroactive to cases on collateral review.

**IV.  A CERTIFICATE OF APPEALABILITY SHOULD ISSUE IF THIS COURT DENIES MR. REAN'S MOTION.**

If the Court denies Mr. Rean's § 2255 Motion, it should issue a certificate of appealability (COA). To warrant a COA, Mr. Rean need not demonstrate that he will prevail on appeal, but only that "reasonable jurists could debate . . . whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted); *see also Miller-El v. Cockrell*,

---

case that *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), then authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also, e.g.*, *Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Tenth Circuit has authorized second or successive § 2255 motions in career offender cases because "[t]he Supreme Court recently made *Johnson*'s holding retroactive to cases on collateral review in *Welch*." *In re Encinias*, __ F.3d__, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016); *see also In re Bloomgren*, No. 16-8039 (10th Cir. May 9, 2016); *In re Daniels*, No. 16-3093 (10th Cir. May 6, 2016); *In re Anderson*, No. 16-7038 (10th Cir. May 17, 2016).

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 18

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  537 U.S. 322, 336–38 (2003) ("a claim can be debatable even though every jurist of
2  reason might agree, after the COA has been granted and the case has received full
3  consideration, that petitioner will not prevail"). Even if this Court rejects Mr. Rean's
4  Motion, the Motion has met this standard and a COA should issue.

## CONCLUSION

6      Mr. Rean is entitled to relief under § 2255 because, in light of *Johnson*, his
7  sentence violates due process of law. The Court should vacate the prior sentence and re-
8  sentence him with the correct Guidelines calculation. Alternatively, the Court should
9  grant a certificate of appealability.
10     DATED this 27 day of May, 2016.

Respectfully submitted,

s/ *Michael Filipovic*
Federal Public Defender
Attorney for Rusty Rex Rean

s/ *Vicki Lai*
Staff Attorney
Attorney for Rusty Rex Rean

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 19

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**CERTIFICATE OF SERVICE**

I certify that on May 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

I further certify I mailed a copy of this motion to Rusty Rex Rean, Reg. # 36303-086, USP Lee, P.O. Box 305, Jonesville, Virginia 24263.

s/ *Suzie Strait*
Paralegal

MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
(Rusty Rex Rean) - 20

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**